# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEREMY LEON RUCKER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-15-945-W ) |
| STATE OF OKLAHOMA, | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On September 1, 2015, Plaintiff Jeremy Leon Rucker, a state prisoner appearing pro se, filed a civil complaint seeking injunctive relief and/or an extraordinary writ, as well as an application for leave to proceed *in forma pauperis*. *See* Doc. Nos. 1, 2. This matter was referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. § 636.

The usual filing fees for initiating a new civil action total $400.00, as noted on the Court's current fee schedule, and ordinarily are due before the lawsuit is filed. *See* LCvR 3.2. Through his *in forma pauperis* application, Plaintiff requested leave to proceed without full prepayment and with a reduced filing fee of $350.00. *See* Doc. No. 2; LCvR 3.3. On September 22, 2015, the Court granted Plaintiff's application for leave to proceed *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $9.85 no later than October 19, 2015, pursuant to 28 U.S.C. § 1915(b)(1)(B). Plaintiff was advised that if he did not pay this fee, or show good cause for his failure to do so, this action was subject to dismissal. Order of Sept. 22, 2015 (Doc. No. 5) at 1.

When no payment was timely submitted, the Court sua sponte extended Plaintiff's deadline and ordered Plaintiff to submit his $9.85 initial partial fee or show good cause in writing for his failure to do so, no later than November 25, 2015. Plaintiff was again advised that if he did not pay the initial partial fee or show good cause, "this action will be subject to dismissal without prejudice to refiling and with no fees or costs imposed." *See* Order of Nov. 4, 2015 (Doc. No. 6) at 1; LCvR 3.2, 3.3(d), 3.4(a).

Plaintiff's final deadline has passed, and he has not submitted his initial partial filing fee or made any attempt to explain this failure. "Failure of any applicant to pay the initial partial filing fee or any other payment ordered by the court by the date specified, to seek a timely extension within which to make the payment, or to show cause in writing by that date why the applicant cannot pay the fee shall be cause for dismissal of the action without prejudice to refiling." LCvR 3.4(a); *see Freeman v. Colo. Dep't of Corr.*, 396 F. App'x 543, 543-44 (10th Cir. 2010) (affirming district court's dismissal of complaint where prisoner-plaintiff "fail[ed] to pay the required filing fee" or "show cause why she could not pay the fee"); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("A district court undoubtedly has discretion to sanction a party for . . . failing to comply with local or federal procedural rules." (internal quotation marks omitted)). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" when entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236.

## RECOMMENDATION

Accordingly, the undersigned recommends that the Court dismiss this lawsuit without prejudice to refiling and with no fees or costs imposed.[1]

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by January 11, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 21st day of December, 2015.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes that because the only named Defendant in this lawsuit is the State of Oklahoma, an entity that is immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution, Plaintiff's federal claims likely would be subject to dismissal even if Plaintiff had paid the required fee. *See* Compl. at 1; *Berry v. Oklahoma*, 495 F. App'x 920, 921 (10th Cir. 2012).